Tanveer v. Barr

BIA
Hom, IJ
A073 039 250

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty.

PRESENT:
          PIERRE N. LEVAL,
          DEBRA ANN LIVINGSTON,
          STEVEN J. MENASHI,
               *Circuit Judges.*
_____

MOHAMMAD TANVEER,
          *Petitioner,*

          v.                                    18-2379
                                                NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:          H. Raymond Fasano, Esq., New
                         York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Mary Jane Candaux,
                         Assistant Director; Remi Da Rocha-
                         Afodu, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Tanveer, a native and citizen of Pakistan, seeks review of an August 7, 2018, decision of the BIA affirming a February 13, 2018, decision of an Immigration Judge ("IJ") denying Tanveer's motion to reopen. *In re Mohammad Tanveer,* No. A 073 039 250 (B.I.A. Aug. 7, 2018), *aff'g* No. A 073 039 250 (Immig. Ct. N.Y. City Feb. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). As an initial matter, Tanveer does not challenge the agency's denial of sua sponte reopening and has therefore waived review of that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (petitioner abandons issues and claims not raised in his brief). And regardless of waiver, this Court generally lacks jurisdiction to review the agency's

"entirely discretionary" decision declining to reopen sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Sumbundu v. Holder*, 602 F.3d 47, 55 (2d Cir. 2010) ("[T]he decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion [and is] not subject to judicial review.") (internal quotation marks omitted).

As to Tanveer's motion to reopen, we review the agency's denial of the motion for abuse of discretion but review any finding regarding changed country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. §§ 1003.2(c)(2),

1003.23(b)(1). Tanveer's November 2017 motion to reopen was untimely because he filed it 19 years after the IJ ordered him removed in March 1998. However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). An alien seeking reopening must also establish prima facie eligibility for the relief sought. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). The agency did not abuse its discretion in denying reopening.

The agency reasonably determined that Tanveer failed to establish a change in country conditions to excuse his untimely motion. Tanveer argues primarily on appeal that he has been and will be perceived to be an Ahmadiyya Muslim, and that he demonstrated worsening conditions for Ahmadis in Pakistan. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency]

4

compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

To support his claim, Tanveer submitted the 2016 U.S. State Department's Human Rights Reports for Pakistan and the 2017 Human Rights Watch Report for Pakistan. But beyond his own statements that he experienced harm in Pakistan as a perceived Ahmadi, he did not submit as a comparison any substantive evidence of conditions before 1998, when the IJ ordered him removed in absentia. *See In re S-Y-G-*, 24 I. & N. Dec. at 253. And while the two reports he submitted detail harsh conditions for Ahmadis, they do not demonstrate materially changed conditions for them. We acknowledge that the State Department Report noted that Ahmadi representatives described a government raid on an Ahmadi center as "unprecedented" and therefore "indicative of worsening conditions for the community in Pakistan," but that characterization by Ahmadis, without more, is insufficient to demonstrate that the persecution of Ahmadis has worsened since before Tanveer's 1998 hearing at which he failed to appear. The reports otherwise indicate that persecution of religious minorities has been an ongoing issue for an

indefinite period of time, stating that religious discrimination "continued," there were "improvements" in police protection and treatment of religious minorities, and the government's encouragement of Ahmadi discrimination was a continuation of previous behavior. Therefore, based on this record, the agency did not abuse its discretion in determining that Tanveer failed to establish a material change in conditions for Ahmadis to warrant reopening. *See* 8 U.S.C. § 1229a(c)(7)(C).

To the extent that Tanveer argues that the BIA overlooked his evidence, he is incorrect; the BIA explicitly noted and considered the two reports he submitted. *See Jian Hui Shao*, 546 F.3d at 169 (agency is required to "consider relevant evidence of country conditions[,]" but need not "expressly parse or refute on the record each individual argument or piece of evidence" (internal quotation marks omitted)).

Tanveer argues that the IJ never made an explicit finding that he did not demonstrate changed country conditions because the IJ wrote "changed circumstances," rather than "changed conditions." The motion to reopen statute uses the phrase "changed country conditions arising in the country of nationality or the country to which removal has been ordered . . . .," 8 U.S.C. § 1229a(c)(7)(C)(ii), but the implementing

6

regulations for the BIA use the phrase "changed *circumstances* arising in the country of nationality or in the country to which deportation has been ordered . . . ." 8 C.F.R. § 1003.2(c)(3)(ii) (emphasis added). Moreover, there is nothing in the IJ's decision indicating that he denied the motion for a failure to show changed *personal* circumstances, nor did Tanveer argue changed personal circumstances to the IJ or BIA. And in his notice of appeal, Tanveer himself used the term "change in circumstances" in an apparent attempt to refer to changed country conditions. Regardless, we have held that changes in personal circumstances do not excuse the applicable time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005)*; see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings. A self-induced change in personal circumstances cannot suffice." (internal citation omitted)).

Finally, Tanveer argues that events after the BIA's decision—an August 2018 political regime change, in which his former political party lost control of the government— demonstrate changed country conditions that warrant

7

reopening. But Tanveer submits no evidence to support this claim, and even if there has been a change, the materiality and frequency of the shift in political control is unclear given regime changes in the past.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court